KOYO SEIKO CO., LTD. AND KOYO CORP. OF U.S.A., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT, AND TIMKEN CO., DEFENDANT-INTERVENOR

Court No. 95–03–00236

(Dated July 31, 1997)

*Powell, Goldstein, Frazer & Murphy LLP (Peter O. Suchman, Neil R. Ellis* and *Elizabeth C. Hafner)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis,* Assistant Director); of counsel: *Carlos A. Garcia,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart (Terence P. Stewart, James R. Cannon, Jr.* and *William A. Fennell)* for defendant-intervenor.

## OPINION

TSOUCALAS, *Senior Judge:* On February 4, 1997, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), one issue arising from the scope determination, entitled, *Final Affirmative Determination in Scope Inquiry on Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof From Japan ("1995 Koyo Scope Ruling"),* 60 Fed. Reg. 6519 (Feb. 2, 1995). *See Koyo Seiko Co. v. United States,* 21 CIT 146, 164, 955 F. Supp. 1532, 1548 (1997). In particular, the Court directed Commerce to provide a rationale for its decision to apply the 1995 Koyo Scope Ruling, which concluded that Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.'s (collectively "Koyo") rough forgings come within the scope of the A–588–604 order covering tapered roller bearings from Japan, to only pending and future administrative reviews.

On May 5, 1997, in compliance with this Court's order, Commerce filed its *Final Results of Redetermination Pursuant to Court Remand, Koyo Seiko Co. v. United States, Slip Op. 97–14 (Feb. 4, 1997) ("Remand Results"),* with this Court. As this case involves the identical issue to that in *Timken Co. v. United States,* 21 CIT 889, Slip Op. 97–109 (July

31, 1997), Commerce has incorporated by reference its remand results in that case, *Final Results of Redetermination Pursuant to Court Remand, Timken Co. v. United States, Slip Op. 96–149 (Aug. 28, 1996)* (Nov. 25, 1996). The Timken Company ("Timken") has also incorporated its motion for a second remand and Koyo has incorporated its comments on the Remand Results from the *Timken* case.

In the Remand Results, Commerce explained that it intends to apply the 1995 Koyo Scope Ruling to entries of forgings for proceedings initiated, but not completed, prior to the date of the final scope determination. In essence, Commerce intends to apply the ruling to forging entries subsequent to October 1, 1992, the beginning of the 1992–93 administrative review. Commerce explains that its normal practice is to apply a scope determination beginning with the entire period of investigation during which entries of the scope merchandise were first suspended for antidumping purposes. As Customs had classified the forgings under a subheading not covered by the scope of the order in this case, there was no suspension of liquidation of forging entries before the spring of 1993. *Remand Results*, at 4–5. Moreover, Commerce contends its decision is in accord with *FAG Kugelfischer Georg Schafer KGaA v. United States*, 20 CIT 824, 829–30, 932 F. Supp. 315, 320 (1996). *Id.* at 6.

As this Court decided in *Timken*, Commerce's decision is sustained. *See Timken*, 21 CIT at 891, Slip Op. 97–109, at 4–5. However, Commerce is to investigate the status of the forgings imported between the publication of the A–588–604 antidumping duty order and October 1, 1992 and found to be within the scope of the A–588–604 antidumping duty order by the 1995 Koyo Scope Ruling; if any such merchandise exists and is not yet liquidated, to liquidate that merchandise under the A–588–604 order. *See id.* at 891, Slip Op. 97–109, at 5–6. Following compliance with this instruction, the Remand Results filed by Commerce on May 5, 1997 are affirmed.